UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

PAUL MINIX,                          )
                                     )
            Petitioner               )
                                     )
      vs.                            )      CAUSE NO. 3:13-CV-521 RM
                                     )      (Arising out of 3:12-CR-39 RM)
UNITED STATES OF AMERICA,            )
                                     )
            Respondent               )

OPINION and ORDER

On October 1, 2012, Paul Minix pleaded guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on January 15, 2013 to a 51-month term of imprisonment to be followed by three years of supervised release, and a $100 special assessment was imposed. Mr. Minix is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255.

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir.

2002). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the claims of the petition together with the record of this action conclusively demonstrate that Mr. Minix isn't entitled to the relief he seeks, the court decides this matter without holding an evidentiary hearing.

Mr. Minix waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Minix's plea agreement, signed by Mr. Minix, his attorney Fred Hains, and Assistant United States Attorney Frank Schaffer, contains the following language in paragraph 9(e):

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

Petn. to Enter a Plea of Guilty, at 4 (emphasis in original). Despite the waivers and admissions in his plea agreement, Mr. Minix now challenges his conviction and

sentence based on his claims that (1) counsel provided ineffective assistance by not filing a pretrial motion challenging the indictment, not investigating "errors and other issues," and, at sentencing, not raising "the issue of the firearms in the counting toward specific offense characteristic for sentencing on these types of cases;" and (2) the indictment was defective on its face because no penalty was charged and the elements of interstate commerce weren't alleged.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

At the change of plea hearing, Mr. Minix was asked if he had read the plea agreement, and he told the court he had. The court and the attorneys then reviewed the various terms of the plea agreement with Mr. Minix – including the possible maximum penalties, the applicability and operation of the Sentencing Guidelines, the essential elements of the crime of being a felon in possession of a firearm, and the consequences of waiving his right to appeal or file for any

collateral review of his conviction and sentence – and he stated that he understood those terms. Mr. Minix also testified that his plea was knowing and voluntary, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the terms of the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided.

A plea of guilty is valid so long as it is entered into knowingly and voluntarily. North Carolina v. Alford, 400 U.S. 25, 31 (1970). Mr. Minix's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Minix's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (quoting North Carolina v. Alford, 400 U.S. at 31). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Minix during the plea colloquy, and Mr. Minix acknowledged that he understood. Because Mr. Minx's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Minix's ineffective assistance of counsel claims could be construed as relating directly to the negotiation of the plea agreement, *see* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999), he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Minix] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Minix] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Minix] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Minix hasn't alleged he wouldn't have pleaded guilty had counsel acted differently. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). Mr. Minix hasn't established any deficient performance by his attorney in the negotiation of the waiver provision of his plea agreement, nor has Mr. Minix alleged or argued that any different actions by his counsel would have led him to not plead guilty and proceed to trial, so his waiver of the right to file a § 2255 petition must be upheld.

Even if the court were to find that Mr. Minix hadn't waived his right to file a § 2255 petition, he still couldn't prevail on his claims. Mr. Minix complains that the indictment in this case was insufficient and his counsel was ineffective for not challenging the indictment. According to Mr. Minix, the indictment was deficient because it didn't include notice of the penalty involved and didn't contain an interstate commerce element.

Count 1 of the indictment, to which Mr. Minix pleaded guilty, reads as follows:

> On or about February 21, 2012, in the Northern District of Indiana, Paul Minix, defendant herein, who previously had been convicted of a crime punishable by a term of imprisonment of more than year, knowingly possessed one or more firearms in and affecting interstate or foreign commerce.

Contrary to Mr. Minix's claim, the indictment contained an interstate commerce element, *see* <u>United States v. Hausmann</u>, 345 F.3d 952, 955 (7th Cir. 2003) ("A valid indictment must (i) state each element of the alleged offense, (ii) provide the defendant with information adequate for the preparation of his defense, and (iii) provide sufficient basis for a judgment that would bar any subsequent prosecution for the same offense."), and penalty provisions aren't required in an indictment because they aren't an element of the crime charged. *See* <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 228 (1998) (indictment need not set forth factors relevant to "the sentencing of an offender found guilty of the charged crime"). Thus, Mr. Minix's claim that the indictment was defective is without merit and his

counsel wasn't ineffective for not filing a frivolous challenge to the indictment. Carpenter v. United States, 492 F. Supp. 2d 912, 922 (N.D. Ill. 2007) ("Counsel was not constitutionally ineffective for failing to raise what would have been yet another frivolous argument."); United States ex rel. Franklin v. Gilmore, 993 F. Supp. 1162, 1180 (N.D. Ill. 1998) ("[T]he Sixth Amendment does not require counsel to . . . press meritless arguments before a court.").

Mr. Minix's additional claims – that counsel failed to file "any pretrial motion," investigate "errors and other issues," and raise an issue at sentencing relating to "the firearms counting toward specific offense characteristics for sentencing . . . plus the ownership of the firearm is not enough to prove a felon in possession charge when ownership is the defendant in this case" – are vague and completely devoid of the factual and evidentiary support necessary for him to prevail under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). "A movant under 28 U.S.C. § 2255 alleging ineffective assistance of counsel due to counsel's failure to properly investigate . . . 'has the burden of providing the court [with] sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'" Jennings v. United States, 461 F. Supp. 2d 818, 828 (S.D. Ill. 2006) (quoting Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003)); see also Galbraith v. United States, 313 F.3d 1001, 1008-1009 (7th Cir. 2002) (denying § 2255 petition based on ineffective assistance of counsel claim because "Galbraith present[ed] no scintilla

of evidence of the alleged omission of his lawyer"). Mr. Minix hasn't carried his burden of pointing to evidence that could show that his attorney's performance was deficient. In addition, Mr. Minix hasn't demonstrated any prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. <u>Yu Tian Li v. United States</u>, 648 F.3d 524, 527 (7th Cir. 2011). Mr. Minix hasn't demonstrated prejudice and so can't prevail on his petition.

While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, <u>United States v. Bownes</u>, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Minix's 51-month sentence is well below the 120-month statutory maximum sentence he faced for violation of 18 U.S.C. § 922(g)(1).

Based on the foregoing, Mr. Minix isn't entitled to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 45].

SO ORDERED.

ENTERED:   June 11, 2013

   /s/ Robert L. Miller, Jr.
Judge, United States District Court